PAUL S. PADDA, ESQ.
Nevada Bar No. 10417
*Email: psp@paulpaddalaw.com*
RAVI CHANDERRAJ, ESQ.
Nevada Bar No. 17053
*Email: rchanderraj@paulpaddalaw.com*
**PAUL PADDA LAW, PLLC**
4560 S. Decatur Boulevard, Ste. 300
Las Vegas, Nevada 89103
Phone: (702) 366-1888
Facsimile: (702) 366-1940
Attorney for Plaintiff

PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN JEFFERY CRAMPTON (an individual), <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF HENDERSON; STEPHANIE GARCIA-VAUSE (in her official and individual capacities); and DOES I through XX, inclusive; <br><br> Defendants. | Case No.: 2:25-cv-02392-APG-MDC <br><br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULINGS ON MOTION TO DISMISS UNDER NRS 41.660 AND MOTION TO DISMISS [ECF NOS. 6 AND 7]** |

Plaintiff ERVIN JEFFERY CRAMPTON ("Plaintiff"), by and through his counsel of record, Paul S. Padda, Esq. and Ravi Chanderraj, Esq. of Paul Padda Law, hereby responds to the Motion to Stay Discovery Pending Rulings on Motion to Dismiss under NRS 41.660 And Motion to Dismiss (ECF No. 22, the "Stay Motion") filed by Defendants City of Henderson (the "City") and Stephanie Garcia Vause ("Vause", and together with the City, "Defendants").

## PRELIMINARY STATEMENT

Defendants' Stay Motion fails to demonstrate good cause to stay discovery. Defendants argue that good cause exists because their Motion to Dismiss under NRS 41.660 (the "Anti-

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

SLAPP Motion") and their Motion to Dismiss (the "Motion to Dismiss") are likely to succeed. But the opposite is true. Neither the Anti-SLAPP Motion nor the Motion to Dismiss is at all likely to succeed. To begin with, NRS 41.660 applies only to claims premised on "communication" by a "person," which means that, even if the Anti-SLAPP Motion were meritorious, it would only dispose of Plaintiff's defamation claim against Defendant Vause. All other claims against Defendant Vause are premised on the Defendants' pattern of retaliatory *conduct*, of which Defendant Vause's defamatory remark was just one part. And even as to the defamation claim, the Anti-SLAPP Motion is likely to fail. Defendant Vause submitted a ten page "good faith" declaration in support of the Anti-SLAPP Motion, but the declaration did not even mention the alleged defamatory statement—that Plaintiff was under investigation for fraud—let alone demonstrate Defendant Vause's good faith in making it. Rather, Defendant Vause quixotically chose to demonstrate her "good faith" in making a different statement that Plaintiff never alleged she made. In fact, Defendant Vause's declaration conclusively proves that she *lacked* good faith in falsely stating that Plaintiff was under investigation for fraud because, according to her own declaration, Defendant Vause did not subjectively believe that to be true. ECF No. 6-2, ¶¶ 58-62. In short, the Anti-SLAPP Motion is very likely to fail and cannot amount to "good cause" to stay discovery.

Similarly, Defendants' Motion to Dismiss is likely to fail. The Motion to Dismiss argues that that Plaintiff did not state a claim for free speech retaliation claim under 42 U.S.C. § 1983, ignoring the Complaint's detailed allegations that Plaintiff was subjected to a campaign of retaliation after making remarks in support of recently fired HPD Chief Hollie Chadwick at three City Council meetings, and that this retaliatory campaign was caused by a *de facto* municipal policy of retaliating against Henderson residents who dare to publicly criticize the government's oversight of the HPD. *See* ECF No. 13. Given the detailed allegations in the Complaint, the retaliation claim is likely to survive dismissal. Defendants' Stay Motion highlights the numerical quantity of arguments raised in the Motion to Dismiss, but they ignore that each of these proposed "grounds" for dismissal amount to little more than a citation to irrelevant caselaw that has no

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

application to the Complaint. For example, Defendants argue that Defendant Vause's retaliatory statements attacking Plaintiff and revoking his community service award, which were not made in the context of an official "proceeding" of any kind, are somehow protected by the absolute litigation privilege. This argument, like the rest of Defendants Motion to Dismiss, is meritless on its face.

Given that the Motion to Dismiss is highly likely to fail, a stay pending the resolution of the Motion will needlessly delay the resolution of this case. And as to Defendants' argument that a stay should be granted because the Motion to Dismiss raised the defense of qualified immunity, this Court has previously rejected the claim that a defendant's mere assertion of qualified immunity in a dispositive motion justifies a stay of discovery. *Norton v. Hutchingson*, No. 2:23-CV-00611-RFB-MDC, 2025 WL 3564801, at *2 (D. Nev. Dec. 11, 2025) (Couvillier, J.) (declining to stay discovery over the defendant's objection that qualified immunity must be resolved first before discovery may proceed). Plaintiff is seeking to enforce his clearly established right to speak freely on the operation of his government without fear of retaliation, the contours of which have been well established for decades, if not centuries. Defendants' qualified immunity defense is utterly implausible and should not serve as a bar to discovery.

Finally, the Court should reject Defendants' arguments about the "undue burden" of discovery given that their well-known retaliatory practices have already led to multiple lawsuits and may lead to more. For this reason, discovery into Plaintiff's claims will not waste resources, even in the unlikely event that Plaintiff's case were dismissed. While Plaintiff's *Monell* claim may be complex, at least one other lawsuit against these very Defendants premises *Monell* liability on the same *de facto* policy of retaliation alleged in Plaintiff's Complaint. *See generally Swartz v. City of Henderson, et al.*, No. 2:25-cv-01245 ("Swartz Action"). Even if the Court were to grant a stay of discovery in this case, Defendants likely will have to produce evidence regarding their policies of retaliation eventually, whether in this case, in the Swartz Action, or in some other forthcoming action. Thus, stay may not conserve any resources, irrespective of the outcome of the Ant-SLAPP Motion and the Motion to Dismiss.

3

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

This is not a case where a plaintiff has presented a vexatious claim that will be easily resolved on a motion to dismiss. Rather, Plaintiff is among a number of claimants who are alleging, or soon will allege, a deeply troubling pattern of retaliation by the City of Henderson against its volunteers, employees, and even its private citizens who dare to criticize the operation of their government in a public forum. Defendants' Motion to Stay should be considered in that context, as an extension of Defendants' efforts to shield themselves from public scrutiny despite legitimate concerns about how they have wielded their power. The Court should deny Defendants' Stay Motion.

**LEGAL STANDARD**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending." *Schrader v. Wynn Las Vegas, LLC*, No. 219CV02159JCMBNW, 2021 WL 4810324, at *2 (D. Nev. Oct. 14, 2021). Instead, a party seeking to stay discovery carries the burden of showing why discovery should be denied pending the resolution of such a motion. In this district, there are two different standards that have been applied to motions to stay discovery pending the resolution of dispositive motions. This Court has adopted the "pragmatic approach." *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). "The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery." *Barajas v. Byrnecut US Corp.*, No. 2:25-CV-00473-RFB-MDC, 2025 WL 2521186, at *1 (D. Nev. Aug. 29, 2025).

Other Courts in this District have held that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." Tradebay, 278 F.R.D. at 603; *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981). "That standard is not easily met." *Kor Media Grp., LLC*, 294 F.R.D. at 583. Under this standard, a motion to stay discovery may be granted when: "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is

4

convinced that the plaintiff will be unable to state a claim for relief." *Salvador v. GEICO Gen. Ins. Co.*, 2020 WL 5898780, at *2 (D. Nev. Oct. 5, 2020).

<b><u>ARGUMENT</u></b>

**I.      A Stay is Inappropriate Because Defendants Cannot Demonstrate Good Cause.**

Plaintiff acknowledges that this Court has adopted the "pragmatic approach" to stay motions pending the resolution of dispositive motions, and that, under the first prong of that approach, Defendants' pending dispositive motions can be decided without additional discovery. However, the Stay Motion should be denied because Defendants cannot demonstrate good cause.

**a.   Defendants' arguments about the "burden" of discovery are unavailing because Plaintiff's claims overlap with material that may be produced in other cases pending before this Court.**

Defendants argue that good cause exists because discovery will cause them to expend "substantial, irrecoverable resources . . . that will prove unnecessary if the Court grants dismissal." Stay Motion at *5. That is false. As an initial matter, dismissal is unlikely here because Defendants' motions are largely meritless, and the core claims in the Complaint are highly like to survive dismissal. But even if Plaintiff's claims were dismissed, these same Defendants are named defendants in the Swartz Action, which raises similar claims of an official City policy of retaliation against volunteers and Henderson citizens who exercise their First Amendment rights. Given the existence of the Swartz Action, and the potential for other similar actions arising from the City's entrenched policy of retaliation, pausing discovery in Plaintiff's case will not necessarily conserve resources.

**b.   The Anti-SLAPP Motion will not dispose of any claims because it demonstrably fails to demonstrate Defendant Vause's good faith.**

Defendants argue that good cause exists because the Court will "likely grant" the Anti-SLAPP Motion, which Defendants claim would dispose of all the claims against Defendant Vause. Defendants are wrong on both counts. *First*, even if it were successful, the Anti-SLAPP Motion would only dispose of Plaintiff's defamation claim. The other claims, including Plaintiff's First Amendment retaliation claim, are based on a pattern of retaliatory *conduct* by Defendant Vause, of which her false accusation was only one component. Because NRS 41.660 only applies

5

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

to communication by a "person," Defendant Vause may not rely on it to dispose of anything but the defamation claim pled against her.

*Second*, even as to the defamation clam, the Anti-SLAPP Motion fails to demonstrate good cause. Defendant Vause filed a ten-page declaration in support of the Anti-SLAPP Motion, ostensibly to demonstrate her good faith, but in none of those pages did Defendant Vause ever articulate a good faith basis for making the defamatory statement alleged in the Complaint— namely, that Plaintiff himself was under investigation for fraud. Instead, Defendant Vause attempted to reframe the alleged defamatory statement, turning it into something that Plaintiff never alleged that she said. In the process, Defendant Vause conclusively demonstrated that she lacked good faith in stating that Plaintiff was under investigation for fraud. Indeed, Defendant Vause's declaration makes abundantly clear that she *did not* have a subjective belief that Plaintiff himself was the subject of a fraud investigation. (ECF No. 6-2, ¶¶ 58-62 (acknowledging that Defendant Vause cancelled a community service award Plaintiff was scheduled to receive based in part on an investigation into a political action committee with which Plaintiff was "involved," even though she was "unaware of the any specifics" concerning the investigation). Accordingly, the Anti-SLAPP Motion fails to meet Defendant Vause's initial burden to demonstrate good faith, will likely be denied, and does not warrant a stay of discovery.

**c.  Defendant Vause's assertion of qualified immunity does not justify a stay.**

Defendants argue that a stay should be granted to vindicate Defendant Vause's qualified immunity defense. But the mere invocation of qualified immunity does not justify a stay. *Norton v. Hutchingson*, No. 2:23-CV-00611-RFB-MDC, 2025 WL 3564801, at *2 (D. Nev. Dec. 11, 2025) (Couvillier, J.) (declining to stay discovery over the defendant's objection that qualified immunity must be resolved first before discovery may proceed). That is particularly true in a case like this, where Plaintiff is invoking the clearly established and well-delineated right of American citizens to criticize the workings of their government. Indeed, this quintessential American freedom has been clearly established for nearly as long as this country has existed. And importantly, the Complaint alleges that Plaintiff experienced retaliation in his capacity as a private

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

citizen, not just as a Henderson volunteer. Defendants cannot plausibly argue that Plaintiff's right as a private citizen to be free from government retaliation in response to his criticism of the government was not clearly established. A determination that qualified immunity applies here would be tantamount to a revival of the Alien and Sedition Acts.

Moreover, while Plaintiff's right to free speech as a government volunteer may not be as long-lived as the right to free speech for citizens generally, it is also clearly established. This Circuit has consistently held that a volunteer who engages in protected speech regarding the workings of the government that employs her has a right to be protected from termination in retaliation for that speech. *Hyland v. Wonder*, 972 F.2d 1129, 1139 (9th Cir. 1992). And the Ninth Circuit long-ago established that the nature of Plaintiff's speech qualifies as a matter of public concern for the purposes of the *Pickering* balancing test applicable to government volunteers. *Id.*; *Eng v. Cooley*, 552 F.3d 1062, 1071 (2009).

Even if no previous Ninth Circuit addressed the exact same factual circumstances, "officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Porter v. Bowen*, 496 F.3d 1009, 1026 (9th Cir.2007); *see also Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Qualified immunity is no bar to discovery in this case because it is obvious that Plaintiff's First Amendment interest was clearly established at the time of his termination. Defendants must have known that the government may not retaliate against private citizens or government volunteers for speech in a public forum criticizing the termination of the chief of police and the City's adversarial management of the HPD. *See Eng*, 552 F.3d at 1076.

### d.  The Motion to Dismiss will not dispose of any claims.

Finally, Defendants argue that good cause exists because the Motion to Dismiss will dispose of the claims not addressed by the Anti-SLAPP Motion. Here too, the Stay Motion fails. While the Stay Motion summarizes the Defendants' warmed-over arguments from their Motion to Dismiss, those arguments fare no better here. For example, Defendants argue that Plaintiff pleads "no protected right and no plausible violation" despite the extensive factual allegations in the Complaint concerning Plaintiff's exercise of his right to free speech and the retaliatory

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

campaign that Defendants waged against him as a result. *See generally* ECF No. 1 at ¶¶ 35-77. Defendants also repeat their mystifying claim that "the complaint does not plead any policy . . . that caused a constitutional violation," ignoring the myriad allegations describing the municipal policy underlying Defendants' retaliatory campaign against Plaintiff. *See* ECF No. 1 at ¶¶ 3, 30, 63-67, 75, 86. Next, Defendants reassert their brazen claim that Plaintiff's speech, addressing the highly contentious and newsworthy firing of Hollie Chadwick as Chief of the HPD—among the most prominent and public facing of City officials—was an "internal personnel dispute" of no public concern. *See* Stay Motion at *7. This claim has no basis in law, fact, or common sense. *See Hyland v. Wonder*, 972 F.2d 1129, 1137 (9th Cir. 1992) (speech revealing "the competency of the police force," "the interrelationship between city management and its employees," "discipline and morale in the workplace," and "an agency's efficient performance of its duties" are matters of public concern); *Johnson v. Multnomah County, Or.*, 48 F.3d 420, 425 (9th Cir.1995) ("[C]ommunication[s] on matters relating to the functioning of government . . . are matters of inherent public concern.").

Defendants' other arguments in support of the Motion to Dismiss are similar. For example, Defendants are once again incorrect that Defendant Garcia-Vause is shielded from liability for state law claims based on Nevada's discretionary immunity doctrine. Stay Motion at *8. To be protected by that doctrine, an employee's decision "must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *Martinez v. Maruszczak*, 168 P.3d 720, 729 (Nev. 2007). Here, Defendant Garcia-Vause's decision to fire Chief Chadwick and to retaliate against Plaintiff were both the result of longstanding City policies, not individual judgment or choice. ECF No. 1 ¶¶ 3, 30, 63-67, 75, 86.

**II.    Defendants' Stay Motion Should be Decided Independently of the Swartz Action.**

Defendants argue that this Court should grant the Stay Motion if a similar motion is granted in the Swartz Action, arguing that the action is "nearly identical." While it is true that both the Swartz Action and this case invoke the same theory of *Monell* liability, Plaintiff has explained above why this similarity counsels *against* a stay of discovery. Any resources expended

by Defendants are not likely to be wasted even if this case were somehow dismissed. However, in the unlikely event that a stay of discovery is granted in the Swartz Action, that does not necessarily mean that a stay of discovery is automatically appropriate here. Even though this action and the Swartz Action implicate the same municipal policy, each plaintiff exercised their First Amendment rights in unique ways and suffered unique damages, and their respective rights to pursue discovery should be judged independently.

Separately, and contrary to Defendants' suggestion, there would be no "unfair advantage" conferred upon Plaintiff without a stay based on the mere fact that Plaintiff and Swartz share the same attorney. *See* Stay Motion at *9. Our system presupposes that a plaintiff is entitled to discovery on his well-pleaded claims, regardless of who her attorney is or who else the attorney represents. A plaintiff's right to discovery cannot be prejudiced merely because his lawyer represents other individuals with similar claims against the same defendants. If Defendants are worried about discovery in the Swartz Action aiding Plaintiff's case, they should not have retaliated against both of them.

### CONCLUSION

For the foregoing reasons, Defendants' Stay Motion should be denied.

DATED this 14th day of April, 2026.

PAUL PADDA LAW, PLLC

/s/ *Ravi Chanderraj*

RAVI CHANDERRAJ, ESQ.
Nevada Bar No. 17053
4560 S. Decatur Boulevard, Ste. 300
Las Vegas, Nevada 89103

*Attorney for Plaintiff Ervin Jeffery Crampton*

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 14th day of April 2026, a true and correct copy of the foregoing **OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULINGS ON MOTION TO DISMISS UNDER NRS 41.660 AND MOTION TO DISMISS** was served by Notice of Case Management/Electronic Case Filing (CM/ECF) of the United States District Court, District of Nevada, to all individuals and/or entities on the ECF Service List.

/s/ Ravi Chanderraj

An Employee of:
**PAUL PADDA LAW**

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940