# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Ervin Jeffery Crampton,

               Plaintiff,

vs.

City of Henderson, et al.,

               Defendants.

Case No. 2:25-cv-02392-APG-MDC

**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 22) AND DENYING THE STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER AS MOOT (ECF NO. 21)**

The Court has considered the defendants' *Motion to Stay Discovery* (ECF No. 22) ("Motion"). The Court **GRANTS** the Motion. The Court also **DENIES** the *Stipulated Discovery Plan and Scheduling Order* (ECF No. 21) as moot.

## I.  LEGAL STANDARD

Federal courts have the "power to stay proceedings [it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1).

1

The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024).  The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

## II.    DISCUSSION

This is a combined First Amendment and a defamation case: (1) plaintiff alleges retaliation after he spoke out on matters of public concern at Henderson City Council meetings, and (2) he also alleges that the individual defendant defamed him by telling a third party that he was being investigated for fraud. *ECF No. 1*. The defendants have both a pending special motion to dismiss under Nevada's anti-SLAPP law (NRS 40.660), also known as an anti-slapp motion, and a motion to dismiss. *See ECF Nos. 6 and 7.*

Defendants argue in the instant Motion that good cause exists to stay discovery because (1) plaintiff does not argue in response to the anti-slapp motion that he needs discovery to respond to it, (2) that the qualified immunity defense should be decided before discovery opens, and (3) that the motion to dismiss can be decided without discovery because the complaint is facially deficient. Plaintiff argues in response that the anti-slapp motion and the motion to dismiss are unlikely to be granted. *ECF No. 23*. Defendants argue in the reply that the pragmatic approach does not require weighing the strength of the motions. *ECF No. 24*.

Reviewing the Motion in the light most favorable to the plaintiff, the Court finds that the plaintiff will not be prejudiced by a short stay of discovery. The plaintiff does not argue that he needs discovery to defeat either the anti-slapp motion or the motion to dismiss. The defendants, on the other hand, would

be prejudiced if discovery commenced now because it is early in the case and it would be more efficient to resolve the qualified immunity now, if possible.  The pending dispositive motions can be decided without discovery. Allowing the case to move forward would also prejudice the defendants given that plaintiff's claims, and discovery, may at least be narrowed which would decrease the expense of litigation. The Court also finds good cause to stay discovery until the Court resolves the issues the defendants raise in the dispositive motions. The Court finds staying discovery is appropriate in this case.

**IT IS ORDERED** that:

1.  Defendants' *Motion to Stay Discovery* (ECF No. 22) is **GRANTED.**

2.  Discovery in this matter is **STAYED** pending resolution of defendants' anti-slapp motion and the motion to dismiss (ECF Nos. 6 and 7).

3.  If claims remain after the Court resolves the dispositive motions (ECF Nos. 6 and 7), <u>within two weeks of the entry of the Court's order(s)</u>, the parties shall meet and confer and file a stipulated discovery plan and scheduling order incompliance with Local Rule 26-1.

4.  The *Stipulated Discovery Plan and Scheduling Order* (ECF No. 21) is **DENIED** as moot.

Dated: May 5, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge